**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Jason Cobb
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

**Kelly D. Jones, OSB No. 074217**
Of Attorneys for Jason Cobb
819 SE Morrison St., Suite 255
Portland, Oregon 97214
kellydonovanjones@gmail.com
Direct 503-847-4329

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **Jason Cobb,** an Oregon consumer,<br><br>Plaintiff,<br><br>v.<br><br>**Columbia Recovery Group, LLC, Columbia Debt Recovery, LLC, Michael S. O'Meara,** and **Shawna Nitschke,** foreign debt collectors,<br><br>Defendants. | Case No. 6:17-cv-1044<br><br>**COMPLAINT**<br><br>15 U.S.C. § 1692, et seq.<br>Fair Debt Collection Practices Act<br><br>Demand for Jury Trial |

**COMPLAINT** – Page 1 of 10

1.

## JURISDICTION AND THE PARTIES

This Court has jurisdiction under 28 U.S.C. § 1331 because the Fair Debt Collection Practices Act (FDCPA) is a federal consumer protection law.

2.

Plaintiff Jason Cobb is an individual living in Deschutes County, Oregon and a "consumer" protected by the FDCPA because he incurred an alleged obligation to Canterbury Apartment Homes, LLC (Canterbury) for personal household purposes (the "debt"). Jason Cobb's debt was assigned to Columbia Recovery Group, LLC (CRG) for collection. CRG subsequently assigned the debt to Columbia Debt Recovery (CDR) for collection. At all times material, CRG was collecting the debt on behalf of Canterbury and CDR was collecting on behalf of CRG and Canterbury. Michael S. O'Meara (O'Meara) is a Washington and Oregon licensed collections attorney and at all times material was acting as agent-in-fact, and collecting the debt on behalf of, CRG and CDR. Shawana Nitschke (Nitschke) is an employee and agent of CDR and at all times material was acting in the scope of her employment and agency for CDR in collecting the debt.

**COMPLAINT** – Page 2 of 10

3.

CRG, CDR, O'Meara, and Nitschke (collectively "defendants") are all "debt collectors" as that term is defined in the FDCPA because the principal purpose of their business is the collection of debts using the courts, telephone, Internet, and U.S. mail, and they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. CRG directs and controls CDR and they are operated as one common enterprise and operate as alter egos of each other for collecting debts, and in the collection of the debt in this case. CDR is licensed as a collection agency with the Oregon Division of Financial Regulation; license number 50213. At all times material, defendants represented themselves as debt collectors.

4.

CRG, CDR, and Nitschke share the same principal place of business located at 1215 120th Ave NE #101, Bellevue, Washington 98005. CRG's registered Oregon agent for service is Aaron Matusick, located at 4949 SW Meadows Rd., Suite 260, Lake Oswego, Oregon 97035. CDR's registered Oregon agent for service is Incorp Services, Inc., located at 5305 River Road N Suite B1, Keizer, Oregon 97303. O'Meara's principal place of business and address registered with the Oregon State Bar is 1602 Virginia Avenue, Everett, Washington 98201.

5.

Venue is proper under 28 U.S.C. § 1391 because defendants attempted to collect debt from Jason Cobb in Deschutes County, Oregon, where he works and resides.

6.

This complaint's allegations are based on personal knowledge as to Jason Cobb's conduct, and made on information and belief as to the acts of others.

7.

## FACTUAL ALLEGATIONS

The debt at issue in this case arose from an alleged obligation to pay Canterbury Apartment Homes, LLC under a residential lease agreement. Canterbury Apartment Homes, LLC transferred the debt to CRG after default for collections.

8.

Through its attorney and agent-in-fact O'Meara, CRG filed a lawsuit against Jason Cobb in Pierce County Superior Court in the State of Washington in October 2016. On March 17, 2017, CRG obtained a judgment against Jason Cobb (the "Washington judgment"). In late 2016 or early 2017, CRG assigned the debt and Washington judgment to CDR for collection.

**COMPLAINT** – Page 4 of 10

9.

On or around March 31, 2017, O'Meara applied for a writ of garnishment for continuing lien on earnings (the "writ of garnishment") in Pierce County Court in the State of Washington on behalf of CRG and CDR, which was obtained on or around April 4, 2017.

10.

At the time O'Meara obtained the writ of garnishment, O'Meara knew and should have known that Jason Cobb was living and working in Bend, Oregon. O'Meara represented to the court that Jason Cobb was residing in Puyallup, Washington when he applied for the writ of garnishment. Applying for the writ of garnishment was an attempt and means to collect upon the debt.

11.

O'Meara forwarded the writ of garnishment to CDR and Nitschke and directed that the writ of garnishment be executed on Jason Cobb and his employer in Oregon. As an Oregon licensed attorney, O'Meara knew and should have known that the Washington judgment should have been domesticated in Oregon before being executed against Jason Cobb in Oregon. The writ of garnishment obtained by O'Meara included various additional fees, including attorney fees and fees to deliver the writ of garnishment. The writ of garnishment also falsely represented the amount of debt subject to collection, and attempted to collect debt in

excessive of the amount owed on the judgment. The writ was later amended and re-sent to Jason Cobb and his employer in Oregon to reflect a reduced amount of debt subject to collection.

12.

On or around April 18, 2017, in the scope of her employment and agency for CDR, Nitschke drafted and sent a letter (the "collection letter") along with the writ of garnishment to Jason Cobb and his Oregon employer Chevrolet of Bend c/o Lithia of Bend #2, LLC. The collection letter contained CDR's letterhead and a statement at the bottom with the following message: "This is an attempt to collect a debt. Any information obtained will be used for that purpose."

13.

The act of sending the collection letter and the writ of garnishment was an attempt to collect upon the debt, a means to collect upon the debt, and was a communication in an attempt to collect upon the debt. The collection letter and the writ of garnishment were directed at Jason Cobb and his employer and defendants knew and should have known that the garnishment would be received by Jason Cobb.

14.

Oregon law requires that a foreign state judgment be domesticated in Oregon prior to any acts to enforcement the judgment or seize property (including wages) within Oregon. *See* ORS Chapter 24

**COMPLAINT** – Page 6 of 10

– Uniform Enforcement of Foreign Judgments Act. Defendants failed to domestic their judgment as required by Oregon law before defendants took acts to enforce the judgment against Jason Cobb and seize Jason Cobb's wages.

15.

Oregon wage garnishment law requires that certain important notices and documents be delivered to an Oregon debtor when executing on a judgment in Oregon. *See* ORS 18.600 to 18.857. Defendants complied with none of these statutes and thus deprived Jason Cobb of statutory-required notices, including his right to challenge the garnishment and a notice of Oregon's property exemptions.

16.

The plain language of the FDCPA prohibits improper wage garnishments. *See, e.g., Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507 (9th Cir. 1994). Even the threat of garnishment (let alone actual seizure of wages) based on an undomesticated foreign judgment violates the FDCPA. *See Van Westrienen v. Americontinental Collection Corp.*, 94 F. Supp. 2d 1087, 1101-02 (D. Or. 2000).

17.

Defendants only released the writ after their wrongful threat of garnishment forced Jason Cobb into bankruptcy protection. Defendants' conduct as alleged above unfairly limited and undermined Jason Cobb's

ability to intelligently respond to and challenge its writ of garnishment, led Jason Cobb to reach incorrect understandings about the amount of debt subject to collection, and whether defendants were lawfully allowed to collect their judgment without first domesticating the judgment in Oregon, and caused extreme interference with Jason Cobb's ability to support his children as a single dad, severe stress, anxiety, helplessness, trouble eating and sleeping, body pain and tension in his upper back and shoulders, upset stomach, and other negative emotions consistent with unlawful debt collection.

## CLAIM FOR RELIEF

### (15 U.S.C. § 1692k)

18.

Jason Cobb incorporates the preceding paragraphs of this complaint.

19.

Defendants' conduct as alleged above violated the strict liability provisions of the FDCPA, including and not limited to 15 U.S.C. § 1692e, § 1692e(2)(A), 15 U.S.C. § 1692e(5), and § 1692e(10), § 1692f, and § 1692f(1).

20.

As a result of defendants' violation of the FDCPA, Jason Cobb is entitled to actual damages including emotional distress damages and any amounts paid to defendants as a result of their violation under 15 U.S.C. § 1692k(a)(1); statutory damages under 15 U.S.C. § 1692k(a)(2)(B); and costs of the action and reasonable fees under 15 U.S.C. § 1692k(a)(3).

21.

## JURY TRIAL DEMAND

Jason Cobb is entitled to and so respectfully demands a trial by jury.

## PRAYER FOR RELIEF

After a determination that defendants violated the FDCPA, Jason Cobb seeks joint and several relief as follows:

**A.** Order and judgment in favor of Jason Cobb against defendants for fair compensation, statutory damages, and reimbursed fees and costs incurred prosecuting the FDCPA claim.

Jason Cobb also seeks any equitable relief this Court may determine is just and proper. As he learns more information, Jason Cobb reserves his right and may intend to add additional claims and defendants.

July 4, 2017

**RESPECTFULLY FILED,**

s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Jason Cobb
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

**COMPLAINT** – Page 10 of 10